EASTERN DIST.
*April*, 1837.

TULANE
*vs.*
WILCOX.

*ried as common property, and adjudicated to the surviving husband, at the estimative value, it will be liable in his hands to such liens or mortgages as may be acquired thereon by third persons, before the heirs of the wife assert their legal rights as owners by inheritance.*

---

## TULANE *vs.* WILCOX.

APPEAL FROM THE COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

*Where the endorser pays a note secured by mortgage, even after protest, and for which he was bound as surety, a legal subrogation clearly results from the payment ; on producing authentic evidence of this payment, he is entitled to an order of seizure and sale of the mortgaged premises.*

This suit commenced by an order of seizure and sale. The plaintiff was endorser on three several promissory notes, drawn by the defendant, dated the 26th January, 1832, and payable three years after date, amounting to two thousand two hundred and thirty-three dollars and thirty-three cents, which were given in part payment of three lots of ground in New-Orleans, and secured my mortgage thereon.

The notes were put in bank for collection by the holders, and were protested for non-payment ; afterwards, the plain-

tiff, as endorser, paid them, obtained an authentic act of subrogation from the vendor of the lots, acknowledging payment, &c., and subrogating him to all his (vendor's) right of mortgage, on the lots so purchased.

. The defendant made opposition to the order of seizure and sale :

*First.* That the mortgage created in favor of the vendor, on the premises seized, has been extinguished by the payment of the notes.

*Second.* The mortgage being extinguished long before its transfer or act of subrogation to the plaintiff, none existed in favor of the vendor, which he could transfer, &c. He prays that an injunction be granted to stay the sale, and that the order of seizure be set aside. The injunction was granted.

The plaintiff took a rule on the defendant to show cause why the injunction should not be dissolved, as having been improvidently and illegally issued.

On hearing the parties, the parish judge dissolved the injunction, and ordered the seizure and sale to proceed against the mortgaged premises. The defendant appealed.

*L. C. Duncan,* for the plaintiff, maintained that the subrogation was authentic and perfect ; that the *debt of the defendant* was never extinguished ; that the injunction was wrongfully obtained, and should not only have been dissolved, *but with damages,* for which he prays an amendment of the judgment in this court. *Louisiana Code, article* 2157, *No.* 3. 6 *Louisiana Reports,* 479.

2. The act of 1831, section 3, page 102, authorized damages. In this case the plaintiff was clearly entitled to them, having paid the defendant's debt, and by public act been subrogated to all the rights and mortgages of the vendor. 5 *Louisiana Reports,* 221.

3. The appeal is obviously frivolous, and for delay, which entitles the plaintiff to ten per cent. damages.

*M'Henry,* for the defendant.

EASTERN DIST.
*April*, 1837.
————————
TULANE
*vs.*
WILCOX.

*Martin, J.*, delivered the opinion of the court.

The defendant is appellant from the dissolution of an injunction obtained to prevent the execution of an order of seizure and sale, which he contended had been irregularly issued; the plaintiff having claimed such an order, on a subrogation of a mortgage creditor of the defendant, which it was contended was not simultaneous with the payment made to the creditor. The plaintiff was the endorser of the defendant's note, secured by a mortgage, and which he paid in bank. An order of seizure and sale, which he obtained on that payment, was succesfully opposed, on the ground that it had been issued without authentic evidence of the payment. He thereon obtained an authentic act of subrogation, and the order of seizure and sale, the execution of which was enjoined by the present plaintiff.

Where the endorser pays a note secured by mortgage, even after a protest, and for which he was bound as security, a legal subrogation clearly results from the payment. On producing authentic evidence of this payment, he is entitled to an order of seizure and sale of the mortgaged premises.

This act recognizes the payment made by the plaintiff, and furnished him the authentic evidence, the absence of which caused his failure on his first attempt; he now shows, by authentic evidence, that he paid a debt of the defendant for which he was bound as surety. A legal subrogation clearly results from that payment. *Louisiana Code, article* 2157, *No.* 3.

The conventional subrogation being posterior to the payment, would not avail him; he does not depend upon it, but relies on the legal, and uses the act of conventional subrogation, merely because it contains authentic evidence of the payment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.